No. 20-0600 – *State ex rel. Grant County Commission v. Judge Nelson, et al.*

WOOTON, J., concurring:

**FILED**
**March 23, 2021**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

I concur in the majority's conclusion that neither the statutory whistleblower, Human Rights Act, nor Patient Care Act claims lie against the Grant County Commission ("Commission") because it is plainly neither her "employer" nor a "health care entity" as those terms are defined within the respective statutory schemes. I further concur in its conclusion that Ms. Linville has failed to allege a viable vicarious liability claim and that her intentional infliction of emotional distress claim is barred by the statutory immunity provided under West Virginia Code § 29-12A-4(b)(1) (the "Tort Claims Act").

I write separately, however, to respectfully address the concurrence/dissent's insistence that the majority has improvidently failed to construe the complaint in the light most favorable to Ms. Linville and in so doing disposes of otherwise valid claims. To the contrary, the majority has addressed Ms. Linville's claims as she has framed and advocated for them, concluding only that the claims she asserted provide her no relief as against one specific defendant. The Court remains mindful that it "takes the pleadings and record as it finds them and the adversarial process makes it incumbent on the parties to . . . maintain viability of their case. Courts cannot concoct or resurrect arguments neither made nor advanced by the parties." Syl. Pt. 13, *W. Virginia Reg'l Jail & Corr. Facility Auth. v. A. B.*, 234 W. Va. 492, 766 S.E.2d 751 (2014).

1

The concurrence/dissent appears to take issue with 1) the lack of factual development at the Rule 12(b)(6) stage; 2) the majority's refusal to *sua sponte* raise and advocate for a theory not advanced by Ms. Linville regarding the Commission as "person" under the Human Rights Act[1]; and 3) its refusal to *sua sponte* raise and advocate for a theory *not even mentioned* by Ms. Linville regarding the Commission as "person" under the Patient Safety Act, West Virginia Code § 16-38-1 through -7.[2] What the concurrence/dissent fails to address, however, is why the Commission would not ultimately be immune from liability pursuant to the Tort Claims Act regardless.

---

[1] The concurrence/dissent's view that "person" necessarily means anyone who does not otherwise qualify as one of the other designations under the Human Rights Act was expressly rejected by this Court in *Kalany v. Campbell*, 220 W. Va. 50, 57 n.13, 640 S.E.2d 113, 120 n.13 (2006):

> Appellant suggests that if the statutory definition of 'person' was intended to broadly encompass all individuals, then the Act's separate reference to acts of discrimination committed by 'any person, employer, . . .' would have no meaning and thereby nullify all significance to the numerous terms that follow the word "person" in West Virginia Code § 5–11–9(7). We agree.

[2] "Person" is not defined in the Patient Safety Act. "A term which is widely used and which is readily comprehensible to the average person without further definition or refinement need not have a defining instruction." Syl. Pt. 2, *State v. Bartlett*, 177 W.Va. 663, 355 S.E.2d 913 (1987). As such, in absence of a specific statutory definition, "person" is well-understood to be a human being, not a statutory entity like the Commission. *See* Black's Law Dictionary (11th ed. 2019) (Person: A human being. — Also termed natural person."). More importantly, however, Ms. Linville simply did not allege or raise this argument at any time.

It is well-understood that the immunity bestowed by the Tort Claims Act is inapplicable to employment claims. *See* W. Va. Code § 29-12A-18(b) ("Civil actions by an employee, or the collective bargaining representative of an employee, against his or her political subdivision relative to any matter that arises out of the employment relationship between the employee and the political subdivision[.]"). Notably, the definition of "employer" under the Human Rights Act specifically includes "political subdivision," aligning the liability under the Act for political subdivision employers with the exemption from immunity under the Tort Claims Act. *See* W. Va. Code § 5-11-3(d).

However, having established that Ms. Linville has no employment relationship with the Commission, its immunity from liability for intentional acts is now triggered.[3] The Commission understandably did not raise the immunity bar in the motion below or on appeal because the position expressly taken by Ms. Linville was that the Commission was her "employer"—a well-known exemption from a political subdivision's statutory immunity. The first time a theory of liability under the Human Rights Act has been advanced on Ms. Linville's behalf which would give rise to an immunity defense is in the concurrence/dissent. Therefore, the Commission would have no reason to have asserted it previously.

---

[3] Notably, the term "political subdivision" is *not* included in the definition of a "person" subject to liability under the Human Rights Act. *See* W. Va. Code § 5-11-3(a).

Regardless, the concurrence/dissent *specifically concurs* in the majority's conclusion that the Commission is statutorily immune from liability for claims of intentional acts. Without question, Ms. Linville's claims of retaliation under the whistleblower law, Human Rights Act and Patient Safety Act are expressly pled as intentional, malicious acts. Ms. Linville's complaint expressly alleges that the Commission's actions under her whistleblower and Patient Safety Act claims were "discriminatory and/or retaliatory" and with respect to her Human Rights Act claim that its actions were "retaliatory" and were "carried out with actual malice toward [Ms. Linville]." Thus, even assuming the majority graciously attempted to temporarily salvage Ms. Linville's claims against the Commission, the concurrence/dissent fails to explain why that would not ultimately be an exercise in futility due to the Commission's immunity.

For these reasons, I respectfully concur in the majority opinion.